UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

| Case No. | 2:16-cv-08230-CAS(SSx) | Date | January 31, 2017 |
|---|---|---|---|
| Title | ANDREW LEIBS v. SUPREME INDUSTRIES, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Connie Lee | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (IN CHAMBERS)

CLIFFORD GABEL'S MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL (Dkt. 13, filed January 3, 2017)

KENNETH L. FISHMAN'S MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL (Dkt. 17, filed January 3, 2017)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of February 6, 2017 is vacated, and the matter is hereby taken under submission.

## I.  INTRODUCTION & BACKGROUND

On November 4, 2016, plaintiff Andrew Leibs filed a securities fraud action against defendants Supreme Industries, Inc. ("Supreme"), Mark D. Weber, and Mark. W. Long. Dkt. 1. Leibs asserts claims on behalf of a class of all persons who purchased or otherwise acquired securities of Supreme during the class period, July 22, 2016 to October 21, 2016. Leibs alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, based on alleged false and misleading statements made by defendants during the class period.

On November 4, 2016, counsel for Leibs published early notice to class members of the pendency of this action in PR Newswire, pursuant to 15 U.S.C. § 78u-4(a)(3)(A). See dkt. 19 ("Wagner Decl."), Ex. A. The notice advised class members of the existence of the lawsuit against Supreme, the claims asserted, the class period, and class members' right to move to be appointed as lead plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-08230-CAS(SSx) | Date | January 31, 2017 |
|---|---|---|---|
| Title | ANDREW LEIBS v. SUPREME INDUSTRIES, INC. ET AL. | | |

On January 3, 2017, putative class member Clifford Gabel filed a motion to appoint himself as lead plaintiff, and to approve his choice of The Rosen Law Firm as lead counsel. Dkt. 14.

Also on January 3, 2017, putative class member Kenneth L. Fishman filed a motion to appoint himself as lead plaintiff, and to approve his selection of two law firms, Bragar Eagel & Squire and Kirby McInerney, as co-lead counsel. Dkt. 18 ("Fishman Motion").

On January 13, 2017, Gabel filed a notice of non-opposition to Fishman's motion, as it appears that Gabel does not have the largest financial interest in the case. Dkt. 27.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARDS

The Court's consideration of these motions is governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). "The Act instructs district courts to select as lead plaintiff the one 'most capable of adequately representing the interests of class members.'" In re Cavanaugh, 306 F.3d 726, 729 (9th Cir. 2002) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)). The PSLRA sets forth "a simple three-step process for identifying the lead plaintiff" in private class actions arising under the Securities and Exchange Act of 1934. In re Cavanaugh, 306 F.3d at 729.

First, the Court must verify that a proposed lead plaintiff has publicized "the pendency of the action, the claims made, and the purported class period" in accordance with the statutory requirements of the PSLRA. Id.; see also 15 U.S.C. § 78u-4(a)(3)(A)(i).

Second, the Court adopts a presumption that the most adequate plaintiff is the "person or group of persons" that (a) either filed the complaint or made a motion in response to the published notice, (b) has the greatest "financial interest in the relief sought by the class," and (c) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Third, the Court must consider any rebuttal evidence brought forth by a member of the purported class that the presumptive lead plaintiff (a) "will not fairly and adequately

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-08230-CAS(SSx) | Date | January 31, 2017 |
|---|---|---|---|
| Title | ANDREW LEIBS v. SUPREME INDUSTRIES, INC. ET AL. | | |

protect the interests of the class" or (b) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Id. § 78u-4(a)(3)(B)(iii)(II).

If multiple plaintiffs claim to be the most adequate plaintiff, the "court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." Cavanaugh, 306 F.3d at 730. "It must then focus its attention on that plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy[.]'" Id. "Under Rule 23's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of the absent class members; they need not be substantially identical." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998). Adequacy requires the court to assess whether a proposed lead plaintiff has interests antagonistic to the class and whether her counsel has the necessary capabilities and qualifications. In re Emulex Corp., 210 F.R.D. 717, 720 (C.D. Cal. 2002). Legal representation is adequate when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive. In re Northern District of California, Dalkon Shield IUD Prods. Liab. Litig., 693 F.2d 847, 855 (9th Cir. 1982).

With respect to typicality and adequacy, at this initial stage "a wide-ranging analysis . . . is not appropriate to determine whether a presumptive lead [plaintiff] has made a prima facie showing that it satisfies the requirements of Rule 23." Puente v. Chinacast Educ. Corp., Nos. 12-cv-4621-JFW-PLA, 12-cv-5107-JFW-PLA, 2012 WL 3731822, at *3 (C.D. Cal. Aug. 22, 2012); see also In re Cendant Corp. Litig., 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry (i.e., the determination of whether the movant with the largest interest in the case 'otherwise satisfies' Rule 23) should be confined to determining whether the movant has made a prima facie showing of typicality and adequacy.").

### III. DISCUSSION

#### A. Appointment of Lead Plaintiff

First, the Court notes that Fishman and Gabel each timely filed their motions within 60 days from the publication of notice in PR Newswire on November 4, 2016.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-08230-CAS(SSx) | Date | January 31, 2017 |
|---|---|---|---|
| Title | ANDREW LEIBS v. SUPREME INDUSTRIES, INC. ET AL. | | |

Therefore, Fishman and Gabel have each satisfied the first requirement for appointment as lead plaintiff.

Proceeding to the second step, Fishman contends that he suffered approximately $12,570 in losses deriving from his purchases of 3,000 Supreme shares. Fishman Motion at 7; dkt. 19–3. Gabel—who contends that he lost $3,097.25 on his purchases of Supreme securities—concedes that Fishman appears to have the largest financial interest in this case. Dkt. 27. As a result, Gabel does not oppose appointment of Fishman as the lead plaintiff in this action. The Court therefore **DENIES** as moot Gabel's motion for appointment as lead plaintiff and for approval of counsel.

Fishman contends that he meets the typicality and adequacy requirements of Rule 23(a). Fishman asserts that his interests are aligned with those of the class as a whole and that he is not subject to any unique defenses that would render him atypical of the class. Dkt. 18 at 8–10; see 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The Court agrees that Fishman has made out a prima facie showing of typicality because he has alleged that he purchased Supreme stock during the class period and his position does not appear to differ materially from that of any other plaintiff. Additionally, the Court finds that Fishman has made out a prima facie showing of adequacy because there is no suggestion that Fishman has interests antagonistic to the class, and, as discussed below, Fishman's counsel is well-suited to prosecuting this action. Accordingly, the Court concludes that Fishman has satisfied the requirements of Rule 23, and that Fishman is presumptively the most adequate plaintiff.

Finally, with respect to the third step, no party has opposed Fishman's motion. The Court therefore has no occasion to consider rebuttal evidence to Fishman's prima facie assertion that he meets the requirements of Rule 23. As such, the Court concludes that, following the "clear path" described in Cavanaugh, Fishman is the appropriate lead plaintiff under the PSLRA.

### B. Approval of Lead Counsel

Fishman seeks the appointment of two law firms, Bragar Eagel & Squire and Kirby McInerney, as co-lead counsel. Fishman Motion at 11. The Wagner Firm will serve as "Liason Counsel." Id. The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-08230-CAS(SSx) | Date | January 31, 2017 |
|---|---|---|---|
| Title | ANDREW LEIBS v. SUPREME INDUSTRIES, INC. ET AL. | | |

counsel retention. . . . [T]he court's inquiry is appropriately limited to whether the lead plaintiff's selection and agreement with counsel are reasonable on their own terms." In re Cendant Corp. Litig., 264 F.3d at 267.

Fishman asserts that his proposed counsel have the necessary skills and resources to efficiently and effectively prosecute this action on behalf of the class. Fishman Motion at 11. In addition, Bragar Eagel & Squire and Kirby McInerney possess extensive experience and expertise in class action securities litigation. Id.; see Wagner Decl., Exs. D, E. The Court agrees that Fishman has made out a prima facie showing of adequacy as to Bragar Eagel & Squire and Kirby McInerney because each firm has a history of serving as class counsel in securities class actions. Accordingly, the Court finds Fishman's selection of class counsel to be reasonable.

## VI. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Fishman's motion for appointment of lead plaintiff and counsel. The Court **DENIES** Gabel's motion for appointment of lead plaintiff and counsel as moot.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CL |